IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHAWANGKUL CHACHAWAL                                           PETITIONER
ADC # 161881

V.                    CASE NO. 5:17-CV-00287-JTK

WENDY KELLEY, Director
Arkansas Department of Correction                              RESPONDENT

## MEMORANDUM AND ORDER

Pending before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2254 by Petitioner, Chawangkul Chachawal, who is serving a five-year sentence for sexual assault in the second degree in Arkansas County, Arkansas. (DE # 12-1 at pp. 39-42)  Petitioner was convicted of sexually assaulting the granddaughter of Karen Burlison Jones, the woman he was dating.  At trial, the minor victim ("N.L.") testified that, while she was sleeping with her great-grandmother, Darlene Burlison, she awoke to find the Petitioner's hand between her legs. *Id.* at 132.  Darlene testified that N.L. woke her up and told her that Petitioner had touched her "frog," which was N.L.'s word for her privates. *Id.* at 154-155.  When interviewed by the Stuttgart Police Department regarding the incident, Petitioner admitted to touching N.L.'s "groin" and grabbing her between the legs. Petitioner also admitted that touching N.L. caused him to become sexually stimulated. (DE # 12-2 at pp. 23-27)

Petitioner appealed his conviction to the Arkansas Court of Appeals arguing that the trial court erred in denying his directed-verdict motions because the State did not prove that he touch the minor child for the purpose of sexual gratification.  On December 14,

1

2016, the Arkansas Court of Appeals affirmed Petitioner's conviction. *Chawangkul v. State*, 2016 Ark. App. 599. On February 2, 2017, Petitioner filed his petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 in Arkansas County Circuit Court. (DE # 12-3 at pp. 17-25) In the petition, Petitioner argued that: (1) his trial counsel was ineffective because he did not call Karen Burlison to testify at trial; (2) he was denied due process because Karen Burlison did not testify; and (3) he was denied a fair trial because Karen Burlison did not testify. *Id.* The trial court denied the Rule 37.1 petition, and the Petitioner appealed to the Arkansas Court of Appeals. Petitioner's sole argument on appeal was that the trial court erred in denying his petition because his trial attorney was ineffective for failing to call Karen Burlison to testify. *Chawangkul v. State*, 2017 Ark. App. 456. The Arkansas Court of Appeals affirmed the trial court's ruling and held:

> Chawangkul argues that his trial counsel was ineffective because he did not call the victim's grandmother to testify as a witness. The decision whether to call a witness is generally a matter of trial strategy that is outside the purview of Rule 37. *Feuget*, *supra.* An attorney's decision not to call a particular witness is largely a matter of professional judgment, and the fact that there was a witness or witnesses who could have offered testimony beneficial to the defense is not, in and of itself, proof of ineffectiveness. Under *Strickland*, the petitioner claiming ineffective assistance of counsel for failure to call a witness must show that, but for the alleged error in not calling the witness, there was a reasonable probability that the jury would have reached a different decision. *Lee v. State*, 2009 Ark. 255, 308 S.W.3d 596. To make this showing, a petitioner claiming ineffective assistance of counsel is required to state the substance of the omitted witness's testimony, establish that the testimony would have been admissible, and demonstrate that the omission of the testimony resulted in actual prejudice to his or her defense. *Stiggers v. State,* 2014 Ark. 184, 433 S.W.2d 22.

> Here, Chawangkul did not disclose the substance of the grandmother's testimony and otherwise failed to make the required showings. Accordingly, Chawangkul did not demonstrate that counsel's performance was deficient, and we need not address whether he suffered prejudice by counsel's failure to call the grandmother as a witness.

*Id.* at 2-3. Petitioner did not appeal to the Arkansas Supreme Court.

On November 3, 2017, Petitioner timely filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that the State violated his Sixth and Fourteenth Amendment rights by failing to "secure [a] witness in his favor." (DE # 2) Petitioner also argues that his attorney was ineffective for failing to call Karen Burlison as a witness at trial. *Id.*

   A. *Non-Cognizable Claim*

It is well established that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984). Instead, this Court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges,* 423 U.S. 19, 21 (1975) (*per curiam*). The Eighth Circuit has held that errors in the interpretation and application of state law do not rise to the level of a constitutional violation cognizable in a federal habeas petition. *Higgins v. Smith*, 991 F.2d 440, 442 (8th Cir. 1993). The Petitioner appears to be arguing that the State was responsible for calling a particular witness in order to aid in his defense. Even if this claim had any merit, which it does not, the government's procedure for summoning a witness to testify at trial concerns only a state law issue, and therefore does not present a cognizable issue for federal habeas review.

### B. *Ineffective Assistance of Counsel*

Because the Arkansas Court of Appeals addressed this claim on the merits, Petitioner must show that the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or decided differently than the Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply. *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (citing *Williams*, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." *Id*. (quoting *Williams*, 529 U.S. at 410-11).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court articulated the two-part standard for analyzing claims that a criminal defendant's counsel was constitutionally ineffective: first, whether the attorney's conduct was professionally unreasonable under the circumstances; and second, whether the attorneys conduct prejudiced the defendant's defense. *Id.* at 688. An attorney's performance is deficient when it falls below "an objective standard of reasonableness." *Id*. The defendant is prejudiced by the inferior performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. *Strickland* points out that it is tempting for a defendant to second-guess the

4

assistance of counsel after a conviction, and easy for a court to determine that a decision of counsel was unreasonable after a defense has proven unsuccessful. *Id.* at 689. Instead, however, the Court held that "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* Furthermore, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'." *Id.* (quoting *Michel v. Louisiana,* 350 U.S. 91, 101 (1955)).

As quoted above, the Arkansas Court of Appeals adjudicated Petitioner's ineffective of assistance of counsel claim and analyzed it under *Strickland*. The court found that the decision to call a particular witness is generally a matter of trial strategy, and also that the Petitioner could not establish with reasonable probability that the jury would have reached a different decision if Karen Burlison had been called to testify, when the Petitioner could not even state what the substance of Ms. Burlison's testimony would have been at trial. In Petitioner's argument, attached to his petition, he states that the substance of the testimony all depended "on the facts that Ms. Karen Jones[1] had told to the jury" and "[h]ad Ms. Jones testified, her testimony would have conflicted with the accuser's account of the time line." (DE # 2 at pp. 19) Given that Petitioner admittedly still does not know what Ms. Burlison

---

[1] Karen Jones and Karen Burlison are the same person.

5

would have testified to, it cannot be said that the state court's determination was contrary to, or involved an unreasonable application of, clearly established federal law. This Court, therefore, gives deference to the Arkansas Court of Appeal's ruling of Petitioner's ineffective assistance of counsel claim.

Since failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffective assistance of counsel claim, it is not necessary for the Court to examine whether Petitioner was prejudiced by his trial counsel's failure to call Karen Burlison as a witness at trial. *See Strickland*, 466 U.S. at 697 (holding that a court need not address both components of the inquiry if a defendant makes an insufficient showing on one).

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (DE #2) be, and is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

Further, the Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 19th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE